**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS Z. GONZALES, an individual, | No.    14-56305 |
| Plaintiff-Appellee, | D.C. No.<br>8:13-cv-01391-CJC-RNB |
| v. | |
| CARMAX AUTO SUPERSTORES, LLC, a Virginia Limited Liability Company; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

| | |
|---|---|
| TRAVIS Z. GONZALES, an individual, | No.    14-56842 |
| Plaintiff-Appellant, | D.C. No.<br>8:13-cv-01391-CJC-RNB |
| v. | |
| CARMAX AUTO SUPERSTORES, LLC, a Virginia Limited Liability Company; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cormac J. Carney, District Judge, Presiding

Argued and Submitted August 2, 2016
Pasadena, California

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

## I. Song-Beverly Act[1]

The Song-Beverly Act provides that "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. "[A] core test of merchantability is fitness for the ordinary purpose for which such goods are used," which means "the product is in safe condition and substantially free of defects." *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1546 (Ct. App. 2014) (internal citations and quotation marks omitted).

Gonzales alleged numerous defects with the car, but failed to allege that any of the defects persisted over time despite making adequate repair attempts, or that the defects were so significant as to render the car incapable of providing safe and reliable transportation. *Cf. id.* at 462. We affirm the district court's dismissal of Gonzales's claim under the Song-Beverly Act.

---

[1]In a separate concurrently filed opinion, we reverse the district court's grant of summary judgment to CarMax and grant Gonzales summary judgment on his UCL and CLRA claims.

## II. Fraud and Deceit

Rule 9(b) of the Federal Rules of Civil Procedure states that when alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." The district court held that Gonzales, despite being given the opportunity to amend his complaint, failed to allege facts sufficient to meet the heightened pleading standard for fraud claims. We therefore affirm the district court's dismissal of Gonzales's fraud and deceit claim.

## III. Section 11711 Claim Against Safeco

The district court dismissed Gonzales' cause of action against Safeco under California Vehicle Code section 17111 "because it was wholly derivative of Plaintiff's deficient fraud claim." Because we agree that Gonzales' fraud claim is deficient, we affirm dismissal of his section 17111 claim against Safeco.

**AFFIRMED.**